# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DWAINE B. COPELAND,

    Plaintiff,

v.

                                                Case No. 8:09-cv-2584-T-30TBM

MICHAEL PAGE, Officer, et al.,

    Defendants.
_____/

## ORDER

This matter is before the Court, *sua sponte,* for review of the file. Plaintiff, an inmate incarcerated at the Manatee County Jail proceeding *pro se*, initiated this action by filing a civil rights complaint (Dkt. 1). On March 9, 2010, the Court entered an order directing Plaintiff to complete several service of process forms and return them to the Court on or before March 31, 2010 (Dkt. 6).

To date, Petitioner has not complied with the March 9, 2010 order. Petitioner was cautioned in the order that failure to timely return the completed forms to the Court **"will result in the dismissal of the case for failure to prosecute, without further notice**." (Id.)(emphasis in original). The order and service forms were mailed to Petitioner's address of record. The order and forms, however, were returned to the Court on March 15, 2010, as undeliverable. On March 16, 2010, the Clerk of the Court mailed the March 9, 2010 order and the service forms to Plaintiff at the mailing address he provided in his civil rights

complaint (Dkt. 1 at p. 6). The order and service forms have not been returned to the Clerk as undeliverable.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court can, in its own discretion, dismiss an action based on the failure of a plaintiff to prosecute or comply with any order of the court. *See also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (finding that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)[1] (finding that "[a]lthough [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'").

**ACCORDINGLY**, the Court **ORDERS** that:

1. Pursuant to Fed. R. Civ. P. 41(b), the civil rights complaint (Dkt. 1) is **DISMISSED** for failure to prosecute and failure to comply with the Court's March 9, 2010 order. The dismissal is without prejudice to Petitioner filing a new action under a new case number.

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2. The **Clerk** shall terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 8, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Plaintiff